## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BURTON and<br>PHAELANN MACKEY, individually and<br>on behalf of other similarly situated persons, | )<br>)<br>) | CASE No._____ |
| | ) | |
| Plaintiffs, | ) | CLASS ACTION CLAIMS |
| | ) | |
| v. | ) | **<u>JURY TRIAL DEMANDED</u>** |
| | ) | |
| DRAS PARTNERS, LLC, DRAS PARTNERS | ) | |
| 2, LLC d/b/a "Papa John's," | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiffs Christopher Burton and Phaelann Mackey, individually and on behalf of all others similarly situated, for their Complaint against Defendants DRAS Partners, LLC, DRAS Partners 2, LLC and Does 1-25 d/b/a/ "Papa John's (hereinafter collectively "Defendants") hereby state and allege as follows:

1.      During times relevant, Defendants have operated a chain of approximately 12 Papa John's franchise stores in northern Illinois, including stores located in Cook and Lake Counties.

2.      Defendants employ delivery drivers who use their own automobiles to deliver pizzas and other food items to Defendants' customers.

3.      Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate, beneath any reasonable approximation of the expenses their delivery drivers incur, that the drivers' unreimbursed expenses cause their net wages

to fall below the federal and state minimum wages during some or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum net wages).

4.     Plaintiffs Christopher Burton and Phaelann Mackey bring this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.,* to recover unpaid minimum wages owed to themselves and all similarly situated delivery drivers employed by Defendants at their Papa John's stores.

## Jurisdiction and Venue

5.     The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. § 216(b), which provides for jurisdiction in federal courts, and on 28 U.S.C. § 1331 (federal question).

6.     The IMWL authorizes court actions by private parties to recover damages for violation of its wage and hour provisions.  Jurisdiction over the IMWL claims of Plaintiffs and other similarly situated employees is based on 28 U.S.C. § 1367 (pendent claims) and 820 ILCS § 105/12(a).

7.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## Parties

8.     Defendant DRAS Partners, LLC  ("DRAS") is an Illinois limited liability company maintaining its principal place of business at 1396 W. Hill Street, Palatine within Cook County, Illinois, which, operates a chain of Papa John's franchise stores during times relevant, including stores located within this District and Division.

9.      Defendant DRAS Partners 2, LLC ("DRAS 2") is an Illinois limited liability company maintaining its principle place of business at the same location as DRAS, at 1396 W. Hill Street, Palatine within Cook County, Illinois, which operates a chain of Papa John's franchise stores during times relevant, including stores located within this District and Division.

10.     Defendant DRAS and DRAS 2 jointly operate their chain of about 12 Papa John's franchise stores.

11.     DRAS's managers include Sathya Natarajan of 1396 W. Hill Street, Palatine, IL and Rashimi Mehta of 1258 N. Knollwood Dr., Palatine, IL.

12.     DRAS 2's managers include Sathya Natarajan of 1396 W. Hill Street, Palatine, IL and Rashimi Mehta of 1258 N. Knollwood Dr., Palatine, IL.

13.     Defendants DRAS and DRAS 2 comprise a "single employer" or "single integrated enterprise."

14.     Defendants DRAS and DRAS 2 share interrelated operations.

15.     Defendants DRAS and DRAS 2 share common management.

16.     Defendants DRAS and DRAS 2 share centralized control of labor relations.

17.     Defendants DRAS and DRAS 2 share common ownership.

18.     Alternatively, and/or cumulatively, Defendants constitute "joint employers" with respect to the delivery drivers.

19.     Defendants  share the power to hire and fire employees.

20.     Defendants share supervision and control of employee work schedules.

21.     Defendants share the power to determine the rate, method conditions of payments to Plaintiffs.

22.     Defendants jointly maintain employment records.

23.     Defendants share the same pool of employees, including Plaintiffs, who perform work for both DRAS and DRAS 2.

24.     Defendants use the same vendors and suppliers.

25.     Defendants share many of the same customers.

26.     Alternatively and/or cumulatively, because the work performed by the delivery drivers simultaneously benefited both Defendants and/or directly or indirectly furthered their joint interests, and because Defendants are not completely disassociated with respect to the employment of the delivery drivers and may be deemed to share control of the delivery drivers, either directly or indirectly, by reason of the fact that each of those Defendants either controls, is controlled by, or is under common control with the other, each of those Defendants is a "joint employer" of the delivery drivers under the FLSA's broad definition of "employer." 29 U.S.C. § 203(d); 29 C.F.R. § 791.2(b).

27.     Plaintiff Christopher Burton resides in and is domiciled in this judicial district.

28.     Plaintiff Christopher Burton performed work for DRAS and DRAS 2 from about March 2018 to October 2018 as a delivery driver at their Papa John's store in Highland Park, Illinois.

29.     Plaintiff Burton's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

30.     Plaintiff Phaelann Mackey resides in and is domiciled in this judicial district.

31.     Plaintiff Phaelann Mackey performed work for DRAS and DRAS 2 from about March 2018 to September 2018 as a delivery driver at their Papa John's store in Highland Park, Illinois.

32.     Plaintiff Mackey's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 2."

## General Allegations

### *Defendants' Business*

33.     During the recovery period, Defendants have owned a chain of about 12 Papa John's franchise stores in northern Illinois.

34.     During the recovery period, Defendants have operated a chain of about 12 Papa John's franchise stores in northern Illinois.

35.     Each of Defendants' stores employs delivery drivers.

36.     Defendants' delivery drivers have the same primary job duty of delivering pizzas and other food items to Defendants' customers using their personal automobiles.

### *Defendants' Flawed Reimbursement Policy*

37.     Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

38.     Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

39.     Defendants' delivery driver reimbursement policy reimburses delivery drivers on a per-delivery basis which results in a per-mile reimbursement far below the IRS standard business mileage rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

40.    The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of Defendants' delivery drivers' automobile expenses.

41.    During the applicable FLSA limitations period, the IRS standard business mileage rate has ranged between $.535 and $.58 per mile. https://www.irs.gov/newsroom/ irs-issues-standard-mileage-rates-for-2019; https://www.irs.gov/tax-professionals/standard-mileage-rates.

42.    These figures represent a reasonable approximation of the average cost of owning and operating a vehicle. https://www.irs.gov/newsroom/irs-issues-standard-mileage-rates-for-2019. ("The standard mileage rate for business is based on an annual study of the fixed and variable costs of operating an automobile.").

43.    The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with delivery driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver.

44.    Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

45.    Defendants' reimbursement policy does not reimburse the delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

46.    Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiffs and

Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

47.     Defendants fail to reasonably approximate the amount of their delivery drivers' automobile expenses to such an extent that their delivery drivers' net wages are diminished beneath the federal and state minimum wages.

48.     In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

49.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and Illinois minimum wages.

50.     During the recovery period, Defendants paid Plaintiffs and their other delivery drivers the exact Illinois minimum wage, or very close thereto, including a tip credit.

51.     The federal minimum wage has been $7.25 per hour during the entire recovery period.

52.     The Illinois minimum wage has been $8.25 per hour during the entire recovery period.

53.     During Plaintiffs' employment with Defendants, the per-delivery reimbursement rate at the store where Plaintiffs worked was approximately $1.00 per delivery.

54.     During their employment with Defendants, Plaintiffs experienced an average round trip delivery distance of at least 6 miles per delivery.

55.    Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiffs was approximately $.17 per mile ($1.00 per delivery / 6 average miles per delivery) or less.

56.    During the longest applicable recovery period, the lowest IRS business mileage rate has been $.535 per mile, which reasonably approximated the minimum average automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiffs' automobile expenses, every mile driven on the job decreased their net wages by approximately $.365 ($.535 - $.17) per mile. Considering Plaintiffs' estimate of at least 6 average round trip miles per delivery, Defendants under-reimbursed them about $2.19 per delivery ($.365 x 6 miles) or more.

57.    During their employment by Defendants as a delivery driver, Plaintiffs typically averaged approximately 2 deliveries per hour of work.

58.    Thus, Plaintiffs consistently "kicked back" to Defendants approximately $4.38 per hour ($2.19 per delivery x 2 deliveries per hour) for a subminimum net wage rate of about $4.12 per hour ($8.50 nominal hourly wage - $4.38 per hour "kickback") or less.

59.    All of Defendants' delivery drivers had similar experiences to those of Plaintiffs.

60.    All of Defendant DRAS' delivery drivers were subject to the same reimbursement policy.

61.    All of Defendant DRAS 2's delivery drivers were subject to the same reimbursement policy.

62.    All of Defendant DRAS' delivery drivers received similar reimbursements.

63.    All of Defendant DRAS 2's delivery drivers received similar reimbursements.

64.    All of Defendants' delivery drivers incurred similar automobile expenses.

65.     All of Defendants' delivery drivers completed deliveries of similar distances and at similar frequencies.

66.     All of Defendant DRAS' delivery drivers were paid at or near the applicable minimum wage rate before deducting unreimbursed vehicle expenses.

67.     All of Defendant DRAS 2's delivery drivers were paid at or near the applicable minimum wage rate before deducting unreimbursed vehicle expenses.

68.     Because Defendants paid their delivery drivers a gross hourly wage exactly equal to, or at least very close to, the applicable minimum wage rate, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

69.     While the amounts of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all their other Papa John's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

70.     The net effect of these policies is that Defendants willfully fail to pay the federal and state minimum wages to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

### Class and Collective Action Allegations

71.     Plaintiffs bring Count I as an "opt-in" collective action claim on behalf of similarly situated delivery drivers pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72.     The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

73. Plaintiffs individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage.

74. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records.

75. Plaintiffs and all of Defendants' delivery drivers are similarly situated in that:

    a.    They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

    b.    They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

    c.    Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d.    They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

    e.    They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f.    They were subject to the same pay policies and practices of Defendants;

    g.    They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h.    They were reimbursed similar set amounts of automobile expenses per delivery; and

       i.     They were paid near the applicable federal or state minimum wage before deducting unreimbursed business expenses.

76.    Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants in the State of Illinois at any time since the date 3 years prior to the filing of this Complaint.

77.    Count II, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

78.    Plaintiffs' state law claim asserted in Count II satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

79.    The Class sought in Count II satisfies the numerosity standard as it consists of at least hundreds of persons.

80.    Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

      a.    Whether Defendants required their delivery drivers to maintain these automobiles in a safe, legally-operable, and insured condition;

      b.    Whether they incurred costs for automobile expenses while delivering pizza and other food items for the primary benefit of Defendants;

      c.    Whether Defendants subjected their delivery drivers to the same policy of failing to fully reimburse for automobile expenses.

81.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

82.     Plaintiffs' claims are typical of those of the Class sought in Count II in that:

a.      Plaintiffs and the Class have worked as delivery drivers for Defendants delivering pizza and other food items;

b.      Plaintiffs and the Class have delivered pizza and other food items using automobiles not owned or maintained by Defendants;

c.      Defendants required Plaintiffs and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d.      Plaintiffs and the Class incurred costs for automobile expenses while delivering pizza and other food items for the primary benefit of Defendants;

e.      Plaintiffs and the Class were subject to automobile expenses;

f.      Plaintiffs and the Class were subject to similar pay rates; and

g.      Plaintiffs and the Class were subject to the same policy of failing to reimburse for automobile expenses, resulting in wages below the Illinois minimum wage in some or all workweeks.

83.     Plaintiffs are adequate representatives of the Class sought in Count II because they are members of that Class and their interests do not conflict with the interest of the members of the Class they seek to represent.  The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiffs.

84.     Undersigned counsel has extensive experience prosecuting complex wage and hour, employment, and class action litigation.

85.     Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

86.     It would be impracticable and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I: Violation of the FLSA

87.     Plaintiffs reassert and re-allege the allegations set forth above.

88.     At all relevant times herein, Plaintiffs and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

89.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations.

90.     None of the FLSA exemptions apply to Plaintiffs.

91.     None of the FLSA exemptions apply to other similarly situated delivery drivers.

92.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

93.     Defendant DRAS is  an enterprise engaged in interstate commerce.

94.     Defendants' employees handled goods that moved in interstate commerce.

95.     Defendant DRAS was Plaintiff Burton's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

96.     Plaintiff Burton was Defendant DRAS's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

97.     Defendant DRAS was Plaintiff Mackey's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

98.     Plaintiff Mackey was Defendant DRAS's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

99.     Defendant DRAS 2 was Plaintiff Burton's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

100.    Plaintiff Burton was Defendant DRAS 2's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

101.    Defendant DRAS 2 was Plaintiff Mackey's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

102.    Plaintiff Mackey was Defendant DRAS 2's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

103.     Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id*.

104.     As alleged herein, Defendant DRAS has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

105.     As alleged herein, Defendant DRAS 2 has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

106.     Defendants' conduct was willful as they knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

107.     Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees.

108.     Plaintiffs and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery drivers employed by Defendants.

109.     Plaintiffs and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within 3 years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

110.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b).

111.    Alternatively, should the Court find Defendants acted in good faith and with reasonable grounds to believe their actions were lawful, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

112.    As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees.

113.    Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiffs and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II:  Violation of the IMWL

114.    At all relevant times herein, Plaintiffs and the Class have been entitled to the rights, protections, and benefits provided under the IMWL including, but not limited to, the right to receive Illinois' minimum wage rate.  820 ILCS § 105/4(a).

115.     The IMWL exempts, among other things, the payment of minimum wage by "employers" who employ any person in Illinois, subject to limited exemptions not applicable herein.  *Id.*; 820 ILCS § § 105/3 (c) & (d).

116.     The IMWL exempts certain categories of employees from Illinois' minimum wage obligations.

117.     None of those exemptions apply to Plaintiffs or other similarly situated delivery drivers.  820 ILCS § 105/3(d).

118.     During all times relevant to this action, Defendant DRAS was the "employer" of Plaintiff Burton within the meaning of the IMWL.  820 ILCS § 105/3(d).

119.     During all times relevant to this action, Plaintiff Burton was Defendant DRAS's "employee" within the meaning of the IMWL.  820 ILCS § 105/3(d).

120.     During all times relevant to this action, Defendant DRAS 2 was the "employer" of Plaintiff Burton within the meaning of the IMWL.  820 ILCS § 105/3(d).

121.     During all times relevant to this action, Plaintiff Burton was Defendant DRAS 2 's "employee" within the meaning of the IMWL.  820 ILCS § 105/3(d).

122.     During all times relevant to this action, Defendant DRAS was the "employer" of Plaintiff Mackey within the meaning of the IMWL.  820 ILCS § 105/3(d).

123.     During all times relevant to this action, Plaintiff Mackey was Defendant DRAS's "employee" within the meaning of the IMWL.  820 ILCS § 105/3(d).

124.     During all times relevant to this action, Defendant DRAS 2 was the "employer" of Plaintiff Mackey within the meaning of the IMWL.  820 ILCS § 105/3(d).

125.     During all times relevant to this action, Plaintiff Mackey was Defendant DRAS 2 's "employee" within the meaning of the IMWL.  820 ILCS § 105/3(d).

126. Illinois employees have been entitled to be compensated at a rate of at least $8.25 per hour since the beginning of the recovery period.

127. As alleged herein, Defendants have failed to pay their delivery drivers the minimum wage required by the IMWL after deduction of unreimbursed automobile expenses incurred in performing their jobs for Defendants.

128. Defendants, pursuant to their policy and practice, violated the IMWL by refusing and failing to pay Illinois' minimum wage to Plaintiffs and the Class.

129. Plaintiffs and the Class are entitled to damages equal to the Illinois minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within 3 years from the date of filing this Complaint. 820 ILCS § 105/12(a).

130. Plaintiffs and the Class are entitled to penalty interest equal to 2% of the amount of such underpayments for each month following the date payment became due prior to February 19, 2019, and 5% of the amount of such underpayments for each month following the date payment became due on or after February 19, 2019. *Id.*

131. Plaintiffs and the Class are entitled to recover their reasonable attorneys' fees and costs in pursuing the claim. *Id.*

WHEREFORE, Plaintiffs and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) statutory penalty interest, (3) costs of litigation and attorneys' fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated: May 1, 2019                           Respectfully submitted,

                                             /s/Maureen A. Salas
                                             One of Plaintiffs' Attorneys

**WERMAN SALAS P.C.**                        **WEINHAUS & POTASHNICK**
Douglas M. Werman (dwerman@flsalaw.com)      Mark A. Potashnick (MO Bar # 41315)
Maureen A. Salas (msalas@flsalaw.com)        (*pro hac vice* forthcoming)
Sarah J. Arendt (sarendt@flsalaw.com)        11500 Olive Blvd., Suite 133
77 West Washington St., Suite 1402           St. Louis, Missouri 63141
Chicago, Illinois 60602                      Telephone: (314) 997-9150
(312) 419-1008                               Facsimile: (314) 997-9170
                                             markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT 1

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages against DRAS Partners, LLC, DRAS Partners 2, LLC and related entities.

Date: _____4 /11 / 19_____     _____
                                    Christopher Burton

# EXHIBIT 2

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages against DRAS Partners, LLC, DRAS Partners 2, LLC and related entities.

Date: 4/11/19

Phaelann Mackey